GRAHAM, Judge,
delivered the opinion of the court:
This case is before the court on a stipulation of facts.. There is no other evidence than that contained in the-stipulation.
Plaintiffs entered into a contract with defendant for the-construction of a road within the Washington National Forest, State of Washington. The contract required the plaintiffs to burn the debris from the material cut at certain-points on or near the road which was being constructed, and the plaintiffs complied with this requirement. The State-of Washington required a permit for the burning of material in the forest. The State ranger was employed by the-Government, and, as such, he granted a permit to burn on August 28, 1920. The plaintiffs started burning the debris in the usual manner for disposing of such material. On September 1, weather conditions having made it unsafe to continue burning, the ranger cancelled the permit. At this-time fires had spread beyond the right of way of the road project at several points, and other fires spread likewise on-September 2, 1920. After cancellation of the permit the-ranger assumed full charge of fighting the fires and called out the crews employed by plaintiffs in road construction to-assist in preventing further spreading of fires and for the extinguishment of them. Plaintiffs paid the crews for the time thus employed in fighting the fires under the direction-. *905 of the ranger, and it is admitted that $3,662.25, the amount .sued for, was the amount expended by the plaintiffs in that -connection. When the claim was presented to the Department of Agriculture payment was refused.
Exhibit “A,” attached to plaintiffs’ petition, being an oxcerpt“from the contract, contains the following provision:
“ The material placed in piles shall be burned by the contractor, at such time and in such manner as absolutely to prevent fire from spreading to areas adjoining the right of way.”
It also provides:
“ The contractor will further be required when requested 3by a properly authorized forest officer to place his employees at the disposal of the United States Forest Service for the ;purpose of fighting forest fires for which he or his employees .are not responsible with the understanding, however, that payment to such employees for such services will be made ’by the United States at not less than the current rate established in the said national forest for such services, and that -any employees furnished will be relieved from fire fighting as soon as it is practicable for the forest supervisor to obtain other labor adequate for the protection of the national :f orest.”
It will be seen from the last-quoted paragraph that the plaintiffs agreed to place their employees at the disposal of ■-the Forest Service for the purpose of fighting fires, and that, if the plaintiffs or their employees were not responsible for the fires, they were to be reimbursed. The question in this case, therefore, is, Were the plaintiffs or their ^employees responsible for the fires for the fighting and ex-tinguishment of which their crews were used in this case?
Plaintiffs’ responsibility is to be measured by the obli.gation of their contract. What was that obligation? As ,set out in the first of the quoted paragraphs, “ absolutely to prevent fire from spreading to areas adjoining the right -of way.” If the fire spread beyond the right of way, then plaintiffs were responsible under their contract. What, then, do the stipulated facts show? They show that at the time the permit was canceled and when the crews were ■ordered out, “ fires had spread beyond the right of way of the road project at several points, and other fires spread *906 likewise on September 2, 1920.” For this the plaintiffs must be held responsible because they had entered into an agreement “ absolutely to prevent ” this condition.
The petition shoiild be dismissed and it is so ordered.
Hay, Judge; Downey, Judge; Booth, Judge; and Campbell, Chief Justice, concur.